## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARLOS SILVA,                          )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          Case No. 15-3007-CM
                                       )
RON EKIS, *et al.*,                    )
                                       )
                    Defendants.        )

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff's Motion for Leave to File a Second

Amended Complaint (ECF No. 83). Defendant Ron Ekis opposes the motion. For the reasons

stated below, the motion is granted.

### I.        Background

Plaintiff filed this lawsuit *pro se* on January 12, 2015, asserting claims stemming from his

arrest on January 20, 2013. Among others, plaintiff named "Jane Doe and John Doe(s) in their

individual and official capacities."[1] Defense counsel filed an answer to the complaint on behalf

of Topeka Police Sergeant Ron Ekis, another codefendant who has since been dismissed, and the

Topeka police officer Doe defendants in their official capacities on April 3, 2015.[2]

Five months after filing this case, the court appointed counsel to represent plaintiff.

Plaintiff filed his First Amended Complaint on March 16, 2016.[3] That pleading names as

---

[1] Compl. at 1, ECF No. 1.

[2] Defs. Ron Ekis, Ronald Miller, and Jane and John Doe(s) Topeka Police Department Officers in their Official Capacities Answer to Pl.'s Compl., ECF No. 31.

[3] First Am. Compl., ECF No. 52.

defendants Ron Ekis and an unspecified number of "John/Jane Does."[4] Plaintiff now seeks leave to amend to formally name the Doe defendants, all of whom are Topeka Police Department officers.

## II.     Discussion

When leave of the court is required to amend under Rule 15(a), the court may refuse leave "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5] "The court should freely give leave when justice so requires."[6] In this case, defendant opposes the motion to amend on the basis of futility. A "proposed amended complaint is futile if the complaint, as amended, would be subject to dismissal."[7] As the party opposing amendment, defendant bears the burden of establishing its futility.[8] Defendant argues that the proposed claims are barred by the statute of limitations. Neither side disputes that the 28 U.S.C. § 1983 claims and the state law intentional-infliction-of-emotional-distress claim would be barred by the two-year statute of limitations if the claims do not relate back to the date of filing of this case. The parties do, however, dispute whether the proposed claims relate back.

This district recently addressed a party's standing to oppose a motion to amend on the basis of futility when the proposed claims were to be asserted against other defendants. The court found that "[c]urrent parties unaffected by a proposed amendment do not have standing to assert

---

[4] Plaintiff also named Carlos Silva, who has now been dismissed form this action.

[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager*, *Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Duncan v. Manager Dep't of Safety, City & Cty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[8] *Mackley v. Telecom Holdings, Inc.*, 296 F.R.D. 655, 660 (D. Kan. 2014).

claims of futility on behalf of proposed defendants."[9] Rather, a current party may only challenge a proposed amendment directed at other parties to the extent that the party opposing the amendment is affected—for example through undue delay or undue prejudice.[10] Because defendant lacks standing to assert a futility argument on behalf of the proposed defendants, the court cannot bar the proposed amended pleading on this basis.

Even considering the merits of defendant's argument, the court would still reach the same conclusion that the motion to amend should be granted. Fed. R. Civ. P. 15(c) governs when an amended pleading relates back to the date of a timely filed pleading. When an amended pleading changes the party or the naming of a party against whom a claim is asserted the amended pleading relates back if:

> Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i)     received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[11]

Rule 15(c)(1)(B) requires that the amendments assert a claim or defense that arises out of the same conduct, transaction, or occurrence set out in the original pleading, and Rule 4(m) provides

---

[9] *Coleman v. Apple Eight Hospitality Mgmt., Inc.*, No. 16-1343-JTM, 2017 WL 1836974, at *3 (D. Kan. May 8, 2017) (citing *Bailey v. B. Braun Med. Inc.*, NO. 16-cv-1544-WSD, 2017 WL 1547163, *2 (N. D. Ga. May 1, 2017); *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D. N.J. Feb. 27, 2014); *Clark v. Hamilton Mtg. Co.*, No. 07-252, 2008 WL 919612, at *2 (W.D. Mich. Apr. 2, 2008)).

[10] *Id.*

[11] Fed. R. Civ. P. 15(c)(1)(C).

a 90-day period of time for service after a case is filed. At the time plaintiff filed this action, Rule 4(m) provided for a 120-day period of time for service.

Defendant, as the party bearing the burden of establishing futility, does not address whether the proposed amendments arise out of the same conduct, transaction, or occurrence set out in the complaint; whether the proposed defendants would be prejudiced by defending on the merits; or whether the proposed defendants knew or should have known that the action would have been brought against them, but for a mistake concerning the proper party's identity. Because the parties have not briefed the other requirements of Rule 15(c), the court will not address these issues here and takes no position as to whether these elements are satisfied. Defendant challenges only the notice requirement contained in Rule 15(c)(1)(C)(i). He argues that the proposed defendants lacked notice of this action.

"Notice" under Rule 15(c)(1)(C)(i) may be actual or constructive.[12] Judges in this district have also considered deposition testimony, emails, affidavits, and similar information in making determinations regarding notice.[13] Here, plaintiff argues that defense counsel's answer on behalf of the Doe defendants in their official capacities constitutes notice because it would have been impossible for counsel to admit or deny certain factual allegations without the Doe defendants having become aware of this lawsuit. In defendant's response brief, counsel never addresses whether she contacted the Doe defendant police officers involved in plaintiff's arrest when drafting the pleadings. Under these circumstances, it is possible that the proposed defendants did

---

[12] *Grinder v. Shawnee Mission Med. Ctr.*, No. 16-2750-DDC, 2017 WL 2971967, at *3 (D. Kan. July 12, 2017).

[13] *See, e.g., id.* at *3 (considering a proposed defendant's knowledge of a health department complaint based on similar events and the fact that the proposed defendant had a business relationship with currently named defendants); *Coleman v. Marriott Int'l*, No. 16-13443, 2017 WL 957446, at *2 (D. Kan. Mar. 13, 2017) (considering e-mails e-mail exchanges that showed the proposed defendant's representatives were asked to provide information about the case); *Price v. City of Wichita*, No. 12-1432-CM-DJW, 2014 WL 289453, at * 5 (D. Kan. Jan. 27, 2017) (considering deposition testimony where the deponent had stated that he had conversations with a proposed defendant about the lawsuit).

have notice of this lawsuit or that plaintiff might be able to develop a record that would demonstrate they had notice should the newly named defendants file a motion to dismiss. For these reasons, the court grants plaintiff's motion to amend.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 83) is granted. Within four (4) calendar days from the date of this order, plaintiff shall file his Second Amended Complaint (ECF No. 83-1) as a separate docket entry in this case.

**IT IS SO ORDERED.**

Dated November 14, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
