**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CARLOS J. SILVA,**

    **Plaintiff,**

    **v.**       Case No. 15-3007

**RON EKIS,** Sergeant, Topeka Police Department, in his individual and official capacity, et al.,

    **Defendants.**

## MEMORANDUM & ORDER

This matter comes before the court upon defendants Michael Burns, Martin Cordero, Justin Joyce, Jason Junghans, and Adam Kary's Motion to Dismiss (Doc. 101). Plaintiff Carlos J. Silva's claims relate to an incident that occurred on January 20, 2013, when plaintiff was walking home on SW Wayne Street in Topeka, Kansas. Plaintiff claims that defendants used, or failed to intervene to stop the use of, excessive force in violation of plaintiff's Fourth Amendment rights when they seized him, handcuffed him, tased him, beat him up, and cut off his hair. Plaintiff claims that defendants' actions resulted in plaintiff's five-day stay in the ICU and caused him emotional distress and lasting physical injury.

Upon release, plaintiff was not charged with any crime. Plaintiff filed a Biased Policing Complaint with the Kansas Attorney General's Office. Then in June 2014, plaintiff mailed a claim to the Joint Committee on Special Claims Against the State. On July 31, 2014, the Shawnee County District Attorney's Office filed a criminal complaint against plaintiff for battery against a law enforcement officer and interference with law enforcement based on the January 20, 2013 incident. Plaintiff disputes the factual assertions in the affidavit attached to his criminal complaint, which was

signed by defendant Ekis.  Plaintiff claims that defendant Ekis was his initial attacker on January 20, 2013.

Plaintiff's Second Amended Complaint (Doc. 92) contains three counts: Count I claims that defendants used excessive force under 42 U.S.C. § 1983, violating plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures; Count II claims that defendants failed to intervene when plaintiff was subjected to excessive force, also in violation of § 1983; and Count III claims intentional infliction of emotional distress.  All claims are brought against all defendants.

Moving defendants were added to this suit with plaintiff's Second Amended Complaint (Doc. 92), filed November 17, 2017.  Previously, they were represented as Jane and/or John Doe defendants who are either City of Topeka Police Officers or Shawnee County Sheriff's Deputies, and who allegedly took part in the January 20, 2013 incident.  Once plaintiff learned the identities of the officers who were present on January 20, 2013, he sought and was granted leave to amend his pleading to name them individually.

Defendants argue that plaintiff's claims against moving defendants do not relate back to plaintiff's original complaint under Fed. R. Civ. P. 15(c)(1)(C) because the statute of limitations had expired by the time they were served.

### I. Legal Standards

#### a. Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic

recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).

The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). The court construes any reasonable inferences from these facts in plaintiff's favor. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

Asserting that a claim is barred by the statute of limitations is usually an affirmative defense, but may be resolved on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1232 (D. Kan. 2016) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Because "when a complaint shows on its face that the applicable statute of limitations has run, an action is subject to dismissal for failure to state a claim upon which relief can be granted." *Turner & Boisseau, Inc. v. Nationwide Mut. Ins. Co.*, 944 F. Supp. 842, 844 (D. Kan. 1996).

### b. Relation Back Under Fed. R. Civ. P. 15(c)

Federal Rule of Civil Procedure 15(c) explains when an amendment to the pleadings can relate back to the date of the original pleading. The purpose of relation back amendments is to balance the defendants' interest in statute of limitations protections with the federal rules' general preference to resolve disputes on their merits. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.*

Rule 15(c)(1)(A) allows relation back when the applicable statute of limitations allows relation back. Rule 15(c)(1)(B) allows it when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." And Fed. R. Civ. P. 15(c)(1)(C) provides that:

> An amendment to a pleading relates back to the date of the original pleading when: . . . (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced by defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.* Fed. R. Civ. P. 4(m) is satisfied if defendant is served within 90 days of the original complaint. The time to serve the complaint was shortened from 120 to 90 days with the 2015 Amendments to the Federal Rules. Because plaintiff's original complaint was filed before the 2015 Amendments took effect, the 120-day deadline applies. In any case, defendants do not suggest that they were not timely served with the Second Amended Complaint.

Plaintiff must therefore show that moving defendants "received such notice of the action" that they won't be prejudiced and that they "knew or should have known that the action would have been brought against [them], but for a mistake concerning" their proper identities. The Supreme Court has emphasized that Rule 15(c)(1)(C) amendments depend on "what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing [his] original complaint." *Krupski*, 560 U.S. at 548.

## II. Discussion

The parties agree that if plaintiff's claims against moving defendants do not relate back to the date this case was filed, they are barred by a two-year statute of limitations. The original complaint was filed on January 12, 2015 and the statute of limitations ran on January 20, 2015. The Second

-4-

Amended Complaint that named proposed defendants was not filed until November 17, 2017, nearly four years after plaintiff's injuries.

The parties limit their argument to whether the Supreme Court's *Krupski* decision dealing with Rule 15(c)(1)(C) weakens earlier decided Tenth Circuit cases that found Rule 15(c)(1)(C) an improper tool to change a Doe defendant to a named defendant. Defendants rely on two Tenth Circuit opinions: *Garrett v. Fleming*, 362 F.3d 692 (10th Cir. 2004) and *Bell v. City of Topeka, Kan.*, 279 F. App'x 689 (10th Cir. 2008). The Tenth Circuit decisions found that "[a] plaintiff's designation of an unknown defendant as 'John Doe' in the original complaint is not a formal defect of the type Rule 15(c)[(1)(C)] was meant to address." 362 F.3d at 697, 279 F. App'x at 692. Plaintiff relies on the Supreme Court's decision in *Krupski*, suggesting that it may open the door for relation back amendments in cases, like this one, where the plaintiff names a Doe defendant until they can determine, through discovery, the intended defendant's identity.

Defendants concede that the claims against them arise out of the same occurrence that is described in plaintiff's original complaint. They also concede for purposes of this motion that defendants had notice and will not be prejudiced in providing a defense to the claims against them. Defendants argue only that plaintiff cannot show that originally naming John Doe defendants was a mistake as contemplated by Rule 15(c)(1)(C).

The court agrees. While the Supreme Court's decision in *Krupski* clarified the meaning of "mistake" concerning the identity of the proper party to focus on whether the proposed defendants knew or should have known that they should have been named, the Court did not dispose of the requirement that a plaintiff's initial failure to name a defendant was due to mistake. At least three courts in this district have considered relation back amendments since *Krupski* was decided, and all have still considered whether plaintiff's initial failure to name the correct defendants was due to

mistake. *See Burns v. Transdigm Grp., Inc.*, No. 13-1371-RDR, 2015 WL 2062925, at *1, *6 (D. Kan. May 4, 2015), *Price v. City of Wichita*, No. 12-1432-CM-DJW, 2014 WL 289453, at *1, *8 (D. Kan. Jan. 27, 2014), *McGregor v. Shane's Bail Bonds*, No. 10-2099-JWL, 2010 WL 3155635, at *1 *7 (D. Kan. Aug. 9, 2010), *aff'd*, 427 F. App'x 629, 632 (10th Cir. 2011) (noting that the district court found that plaintiff "was not mistaken concerning the proper parties' identities."). The Tenth Circuit's analysis on relation back explicitly rejects the idea that naming a Doe defendant is a mistake. Instead, they suggest that "a plaintiff's lack of knowledge of the intended defendant's identity is not a mistake concerning the identity of the proper party within the meaning of [Rule 15(c)(1)(C)]." *Garrett*, 362 F.3d at 696. The *Krupski* decision does not eliminate Rule 15(c)(1)(C)'s requirement that a mistake be the reason for failing to properly name defendants prior to the expiration of the statute of limitations.

At least one court in this district has addressed this issue since the *Krupski* decision and relied on equitable tolling to allow amendments to the pleadings naming defendants who were previously only named as John or Jane Does. *See Dartez v. Peters*, No. 15-3255-EFM, 2018 WL 1138282, at *1, *9 (D. Kan. Mar. 2, 2018) (noting that it need not determine whether *Krupski* impacts prior Tenth Circuit precedent, because it relied on either the unique circumstances doctrine or equitable tolling to allow plaintiff leave to amend).

Plaintiff does not argue that equitable tolling should apply here or provide the court any other basis to allow the claims against moving defendants to go forward. The parties agreed that if 15(c)(1)(C) did not provide a basis for leave to amend, adding moving defendants, the claims against them would be barred by the two-year statute of limitations. Plaintiff fails to state a claim upon which relief may be granted as to moving defendants. Defendants' motion is therefore granted. Moving defendants are dismissed from this action.

**IT IS THEREFORE ORDERED** that defendants Joyce, Kary, Junghans, Burns, and Cordero's Motion to Dismiss (Doc. 101) is granted.

Dated March 23, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**